**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
LUC BURBON,

                              Plaintiff,                        <u>ORDER</u>

            -against-                               21-CV-762 (MKB)

**THE QUEEN'S TREASURERS, INC.,**

                              Defendant.
-----------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       On July 21, 2021, this Court issued an Order to Show Cause why this action, which had been dormant since service of process had been effected in February, should not be dismissed for lack of prosecution (DE #7). Plaintiff's response referenced attempts to contact defendant on July 21 and 26 (DE #9), apparently after the issuance of the Order to Show Cause. Accordingly, in an Order dated July 28, 2021, this Court observed that plaintiff had "failed to detail what if any steps plaintiff took to prosecute this case" between February 25 and July 21 of this year, and directed plaintiff to cure that deficiency by August 2, 2021 (<u>see</u> 7/28/21 Order). Plaintiff's August 2nd submissions fails to do so: Rather than detailing what if any efforts plaintiff had made to pursue the claims in the case during the period specifically identified by the Court, plaintiff's counsel vaguely alludes to "efforts" that counsel "typically" undertakes to "avoid unnecessary motion practice and preserve judicial resources" (DE #13). Inasmuch as the claims in this case involve a fee-shifting statute, counsel presumably maintains contemporaneous timesheets for the work performed on the matter and, but for the absence of any entries during the relevant period, could have provided the Court with a particularized description of counsel's activity during that time. From counsel's silence, the Court may

reasonably infer plaintiff's lack of diligence in pursuing this case - a recurring pattern on the part of plaintiff's counsel in other similar cases.  See, e.g., DE #7 in Pierre v. Element Beauty Lounge, 19cv3768.

That said, as the delay in this case is not egregious, this Court will not now recommend dismissal under Rule 41(b).  Counsel and plaintiff are placed on notice that further delays in this and other cases will not be tolerated.  Plaintiff is directed to promptly serve this Order on defendant, and to file proof of service.

**SO ORDERED.**

**Dated:** Brooklyn, New York
August 5, 2021

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**